NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1507
_____

UNITED STATES OF AMERICA

v.

STEVEN WILSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:22-cr-00250-001)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 17, 2025

Before: CHAGARES, *Chief Judge*, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: May 20, 2025)

_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Steven Wilson was sentenced to 180 months' imprisonment on federal drug-related charges in March 2024. He appeals his sentence, contending the court improperly considered dismissed state charges against him at his sentencing. We disagree and will affirm.

Wilson pled guilty to drug-related charges in August 2023. Before his sentencing, state law enforcement officers found him with a stolen, fraudulently registered truck. The state charged Wilson in connection with that encounter. His presentence report in this case included these charges. At sentencing, the court stated in relevant part,

> Your convictions, [Assistant U.S. Attorney] Ms. Roberts has detailed with considerable effect here. I won't repeat them again. Your own lawyer in his presentencing memorandum on your behalf where he did advocate for you, but he acknowledges a significant criminal history and you do. I can't sit here and say anything different. I won't repeat all of the offenses for which you were convicted and for which you spent time in incarceration, but they begin in 2007, and Ms. Roberts, as I said, detailed all of them, and they continued right up to the present time, and what's notable about these -- again, for some reason today, Ms. Roberts is two steps ahead of me -- what she pointed out is true, every time you were incarcerated, you were paroled and you violated parole. I can go through these convictions item by item by item here, conviction by conviction, but it seems to be unnecessary because Ms. Roberts pointed out already to significant effect.

App. 86. Wilson was ultimately sentenced to 180 months in prison and six years of supervised release, below the applicable Sentencing Guidelines range of 188 to 235 months. After his sentencing, the state dismissed its pending charges.

2

We ordinarily review the imposition of a sentence for abuse of discretion.[1] *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, our review is for plain error because Wilson failed to object at his sentencing, which he does not contest in his reply brief. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014). Under plain error review, we reverse when (1) "there [is] an error or defect" that has not been "affirmatively waived;" (2) "the legal error [is] clear or obvious," not "subject to reasonable dispute"; (3) "the error . . . affected the appellant's substantial rights," *i.e.*, "affected the outcome of the district court proceedings"; and (4) the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations and internal quotation marks omitted).

Wilson contends the court's statement shows it "considered a pending state charge as a conviction at the time of [his] sentencing." Appellant's Br. 7. A court may not impose a sentence based on a "bare arrest record—without more." *United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009). A mere arrest "does not justify an assumption that a defendant has committed other crimes and . . . therefore [does] not support increasing his/her sentence in the absence of adequate proof of criminal activity." *Id.* The same logic, Wilson argues, bars the consideration at sentencing of charges that are later dropped.

But we cannot say the court committed a "clear or obvious" error here because the sentencing colloquy does not unambiguously show the court considered those dismissed

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

state charges. *Puckett*, 556 U.S. at 135. Wilson points to the following portion of the statement: "I won't repeat all of the offenses for which you were convicted and for which you spent time in incarceration, but they begin in 2007 . . . and they continued right up to the present time." App. 86. He contends this "shows that the district court included [his] pending state prosecution as a conviction because the district court mentions that [his] convictions 'continued right up to the present time,'" and the temporally closest criminal proceeding against Wilson other than this case was the pending state prosecution. Appellant's Br. 11. But the most natural reading of the court's statement is that it *excludes* his pending state prosecution from consideration, since it is limited to "offenses for which [Wilson] *w[as] convicted and for which [he] spent time in incarceration*." Appellant's Br. 11 (emphasis added). And Wilson was neither convicted nor incarcerated on those charges. By "present time," the court most likely referred, perhaps imprecisely, to the instant offense for which Wilson was convicted and being sentenced. Appellant's Br. 11.

Even if the statement is at best unclear as to whether the court considered the dropped charges, that is enough to survive plain error review because the error is "subject to reasonable dispute," *i.e.*, not "clear or obvious." *Puckett*, 556 U.S. at 135; *see United States v. Holman*, 840 F.3d 347, 355 (7th Cir. 2016) ("Moreover, any ambiguity with respect to the district court's statements [at sentencing] is debatable at most and thus does not rise to . . . plain error." (citations omitted)). Accordingly, we need not reach the government's argument that the state charges against Wilson were a proper basis for the court's sentence.

For the foregoing reasons, we will affirm.